10/29/11  2:31PM
**Last revised 9/1/10**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

| | |
|---|---|
| IN RE: **Carmen Lawrence Aiello**<br>**Madeline Marion Aiello** | CASE NO<br>JUDGE<br>CHAPTER     **13** |
| (Debtor) | |

**CHAPTER 13 PLAN AND MOTIONS**

☒ Original            ☐ Modified/Notice Required        ☒ Discharge Sought
☐ Motions Included    ☐ Modified/No Notice Required   ☐ No Discharge Sought

Date:    __October 31, 2011__

### THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
### OF THE BANKRUPTCY CODE.

### YOUR RIGHTS WILL BE AFFECTED.

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. It contains an important supplement to Part 4 regarding secured claims. The supplement sets out filing requirements for proofs of claim for secured claims, and requirements regarding claims secured by a security interest in the debtor's principal residence, including notice of payment changes and notice of fees, expenses and charges incurred in connection with the claim after the bankruptcy case was filed. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

### YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
### IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
### THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM

**Part 1: Payment and Length of Plan**

a. The Debtor shall pay **$800.00 Monthly for 60 months** to the Chapter 13 Trustee, starting on __November 1, 2011__ for approximately **60** months.

b. The Debtor shall make plan payments to the Trustee from the following sources:

     ☒     Future Earnings

     ☐     Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

     ☐     Sale of real property
               Description:
               Proposed date for completion: _____

     ☐     Refinance of real property
               Description:
               Proposed date for completion: _____

     ☐     Loan modification with respect to mortgage encumbering property
               Description:
               Proposed date for completion: _____

d.    ☐    The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.    ☐    Other information that may be important relating to the payment and length of plan:
_____

## Part 2:  Adequate Protection

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the Debtor(s) outside of the Plan, pre-confirmation to ____ [creditor].

## Part 3:  Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Jonathan Stone | Attorney Fees | 1,629.00 |

## Part 4:  Secured Claims

**Please see the supplement to this section containing
information regarding secured claims. It is located at the end of the plan.**

### a.  Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank Of America Home Loans | Primary Residence: 330 US Highway 46 Great Meadows, NJ 07838-2042 Fair Market Value = $270,000.00<br><br>Retail motorcycle shop: 330A Route 46 Great Meadows, NJ 07838 Fair Market Value = $200,000.00 | 40,000.00 | 0.00 | 40,000.00 | 1,649.73 |

### b.  Modification

1.)  The Debtor values collateral as indicated below.  If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated.  The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim.  If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

| | | | | | Value of Creditor Interest in Collateral | Annual Interest Rate | |
|---|---|---|---|---|---|---|---|
| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | | | Total Amount to Be Paid |
| **Bank Of America Home Loans** | **Primary Residence: 330 US Highway 46 Great Meadows, NJ 07838-2042 Fair Market Value = $270,000.00**<br><br>**Retail motorcycle shop: 330A Route 46 Great Meadows, NJ 07838 Fair Market Value = $200,000.00** | **110,000.00** | **470,000.00** | **First Mortgage Bank Of America Home Loans - 440,000.00** | **No value** | **N/A** | **0.00** |
| **Fulton Bank of New Jersey** | **Primary Residence: 330 US Highway 46 Great Meadows, NJ 07838-2042 Fair Market Value = $270,000.00**<br><br>**Retail motorcycle shop: 330A Route 46 Great Meadows, NJ 07838 Fair Market Value = $200,000.00** | **175,000.00** | **470,000.00** | **First Mortgage Bank Of America Home Loans - 440,000.00 Home Equity Bank Of America Home Loans - 110,000.00** | **No value** | **N/A** | **0.00** |
| **Fulton Bank of New Jersey** | **Primary Residence: 330 US Highway 46 Great Meadows, NJ 07838-2042 Fair Market Value = $270,000.00**<br><br>**Retail motorcycle shop: 330A Route 46 Great Meadows, NJ 07838 Fair Market Value = $200,000.00** | **75,000.00** | **470,000.00** | **First Mortgage Bank Of America Home Loans - 440,000.00 Home Equity Bank Of America Home Loans - 110,000.00 3rd mortgage - SBA loan Fulton Bank of New Jersey - 175,000.00** | **No value** | **N/A** | **0.00** |

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral.  The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Vistana Cascades Condominium Association** | **Time Share: Sheraton Vistana 8800 Vistana Ventre Drive Orlando, FL 32821** | **1,500.00** | **Surrendered in full satisfaction of the debt** |
| **Vistana Cascades Condominium Association** | **Time Share: Sheraton Vistana 8800 Vistana Ventre Drive Orlando, FL 32821** | **1,500.00** | **Surrendered in full satisfaction of the debt** |

**d.  Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| **-NONE-** |

e.  Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **-NONE-** | | |

## Part 5:  Unsecured Claims

a.  **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

_____    Not less than $____ to be distributed *pro rata*

_____    Not less than ___ percent

__X__    Pro rata distribution from any remaining funds

b.  **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **-NONE-** | | | |

## Part 6:  Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed:**

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **Nissan Motor Acceptance Corporation** | **Lease  Monthly payments: $339.90** | **NO Arrearage** |

4

**Part 7:  Motions**

> **NOTE: All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation. The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing. In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion. Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan**.

    a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**  The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    b.  **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.**  The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| **Bank Of America Home Loans** | **Primary Residence:**<br>**330 US Highway 46**<br>**Great Meadows, NJ 07838-2042**<br>**Fair Market Value = $270,000.00**<br><br>**Retail motorcycle shop:**<br>**330A Route 46**<br>**Great Meadows, NJ 07838**<br>**Fair Market Value = $200,000.00** | **110,000.00** |
| **Fulton Bank of New Jersey** | **Primary Residence:**<br>**330 US Highway 46**<br>**Great Meadows, NJ 07838-2042**<br>**Fair Market Value = $270,000.00**<br><br>**Retail motorcycle shop:**<br>**330A Route 46**<br>**Great Meadows, NJ 07838**<br>**Fair Market Value = $200,000.00** | **175,000.00** |
| **Fulton Bank of New Jersey** | **Primary Residence:**<br>**330 US Highway 46**<br>**Great Meadows, NJ 07838-2042**<br>**Fair Market Value = $270,000.00**<br><br>**Retail motorcycle shop:**<br>**330A Route 46**<br>**Great Meadows, NJ 07838**<br>**Fair Market Value = $200,000.00** | **75,000.00** |

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                                          Best Case Bankruptcy

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| -NONE- | | | |

## Part 8:  Other Plan Provisions

    a. **Vesting of Property of the Estate**  Property of the Estate shall revest in the Debtor:

        \_\_\_\_\_    Upon Confirmation

        __X__    Upon Discharge

    b. **Payment Notices**  Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**  The Trustee shall pay allowed claims in the following order:

        1)    Trustee Commissions

        2)    **Other Administrative Claims**

        3)    **Secured Claims**

        4)    **Lease Arrearages**

        5)    **Priority Claims**

        6)    **General Unsecured Claims**

    d. **Post-petition claims**  The Trustee is ☐, is not ☒ authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

    e. **Other Provisions:**
**Debtors do not intend to fix the mortgage payment.  The mortgage payment shall be controlled by the terms of the note and mortgage.**

**Property of the estate includes all of the property specified in 11 U.S.C. § 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case before the case is closed, dismissed or likewise converted to one under another chapter of the Code.  All property of the debtor(s) remains vested in the estate until completion of the plan.**

## Part 9 :  Modification

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified:

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| | |

| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes | ☐ No |
|---|---|---|

## Part 10:  Sign Here

    The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

Date  **October 29, 2011**                    **/s/ Jonathan Stone**

                                             **Jonathan Stone 023132002**

                                             Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date  **October 29, 2011**          Signature  **/s/ Larry Aiello**

                                             **Carmen Lawrence Aiello**

                                             Debtor


Date  **October 29, 2011**          Signature  **/s/ Madeline Aiello**

                                             **Madeline Marion Aiello**

                                             Joint Debtor

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

## SUPPLEMENTAL PROVISIONS OF CHAPTER 13 PLAN & MOTIONS

**4. SECURED CLAIMS.**

**1. Additional Requirements; Sanctions for Failure to Comply**

    **(a) Itemized Statement of Interest Fees and Expenses.** If, in addition to its principal amount, a claim includes interest, fees, expenses or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim. The claim may also include charges pursuant to D.N.J. LBR 2016-1(j)(3).

    **(b) Statement of Cure Amount.** A statement of the amount necessary to cure any default as of the date of the petition and any charges permitted under D.N.J. LB 2016- 1(j)(3) shall be filed with the proof of claim.

    **(c) Escrow Account.** If a security interest is claimed in property that is the debtor's principal residence, and if an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

    **(d) Failure to Provide Supporting Information.** If the holder of a claim fails to provide any information required by subdivisions (a), (b) and (c) above, the court may, after notice and hearing, take either or both of the following actions:

        i. preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless, or

        ii. Award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**2. Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**

    **(a) Notice of Payment Change.** If a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to § 1322(b)(5) of the Code, the holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment at a new amount is due.

    **(b) Form and Content.** The Local Form designated as Notice of Payment Change may be filed and served. The notice shall not be subject to Rule 3001(f).

    **c) Notice of Fees, Expenses and Charges.** If a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to § 1322(b)(5) of the Code, the holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee the Local Form designated as Notice of Fees, Expenses and Charges itemizing all fees, expenses, or charges, incurred in connection with the claim (i) after the bankruptcy case was filed, and (ii) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which such fees, expenses, or charges are incurred.

    **(d) Determination of Fees, Expenses and Charges.** On motion of the debtor or trustee filed within one year after service of the notice required by subdivision (c) above, the court shall, after notice and hearing, determine whether payment of the fees, expenses, or charges is required by the underlying agreement and applicable nonbankruptcy law to cure the default or maintain payments in accordance with § 1322(b)(5) of the Code.

    **(e) Response to Notice of Fees, Expenses and Charges.** If the debtor does not object to the Notice of Fees, Expenses and Charges, or if the debtor's objection is overruled, the debtor shall either 1) pay all post petition

8

amounts included in the Notice of Fees, Expenses and Charges; 2) enter into an agreed order allowing the claim (to be paid by the Trustee); or 3) take no action and the amounts claimed shall be deemed allowed, but will not be paid by the Trustee and will not be deemed to have been paid upon closure or conversion of the case.

**(f) Application of Payments.** The holder of a claim secured by a security interest in the debtor's principal residence shall apply payments from the Trustee to arrears being cured and payments from the debtor to maintain post-petition monthly payments.

**(g) Notice of Final Cure Payment.** Within 30 days of the debtor completing all payments under the plan, the trustee shall file and serve upon the holder of the claim, the debtor, and debtor's counsel a Local Form, Notice of Final Cure Payment stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (h). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the Notice.

**(h) Response to Notice of Final Cure Payment.** Within 21 days after service of the notice under subdivision (g), the holder shall file and serve on the debtor, debtor's counsel, and the trustee a Local Form, Statement in Response to Notice of Final Cure Payment indicating whether (1) it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The Statement shall not be subject to Rule 3001(f).

**(i) Determination of Final Cure Payment.** On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (h) above, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

**(j) Order Deeming Mortgage Current.** If the holder of the secured claim fails to respond to the Trustee's Notice of Final Cure Payment given pursuant to subdivision (g) above, the debtor may submit a proposed order which deems the mortgage current. The proposed order shall be served on the holder of the secured claim and the trustee. The parties served with the order shall have 7 days to file and serve an objection. A hearing may be conducted on the objection in the court's discretion.

**(k) Failure to Notify.** If the holder of a claim fails to provide information required by subdivision (a), (c), or (h) above, the court may, after notice and hearing, take either or both of the following actions:

  i. preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless, or

  ii. award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com
Best Case Bankruptcy