TEICH GROH
691 State Highway 33
Trenton, New Jersey  08619
(609) 890-1500
Attorneys for Trustee
BARRY W. FROST

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter of: | Chapter 7 |
| Carmen Lawrence Aiello and Madeline Marion Aiello | Case No.  11-41413-MBK |
| Debtor(s) | |

**CERTIFICATION IN SUPPORT OF MOTION
TO COMPEL ATTENDANCE AT 2004 EXAMINATION,
TO PRODUCE DOCUMENTS AND TO HOLD THE DEBTORS IN CONTEMPT**

Barry W. Frost, hereby certifies as follows:

1. I am the Chapter 7 Trustee for Carmen Lawrence Aiello and Madeline Marion Aiello and am familiar with the facts set forth in this Certification.

2. The debtors filed for relief under Chapter 13 of the Bankruptcy Code on October 31, 2011.

3. On April 24, 2012 an Order was entered converting the Chapter 13 to a Chapter 7 (Doc. #30) and thereafter the moving party was selected as the Chapter 7 Trustee.

4. At the 341(a) meeting that was scheduled for June 6, 2012, the Trustee was able to ascertain that the debtors owned real property at 2338 Route 4, Fort Lee, New Jersey, and that there was a lease for the premises.

5. It appears that the debtors received rent from the premises and currently lives on that rental income.

6. The Trustee prepared a 2004 Subpoena and sought to conduct a

1

deposition of each of the debtors and to compel the debtors to produce the documents regarding ownership of the real property in Fort Lee, a copy of the Lease Agreement and an accounting of the rents collected since the filing of the Chapter 13.

7. On September 24, 2012, the Trustee received a telephone call from the son of the debtors indicating that the debtors would not be appearing for the Subpoena and would not be producing any documents.

8. It was requested that a new date be established and the Trustee provided new dates to the son of the debtors, but the son was unable to schedule any depositions or to inform the Trustee when the documents would be produced.

9. The Trustee thereafter cancelled the scheduled court reporter, but is unable to proceed with the administration of this estate, as it appears that the debtors, or an entity in which the debtors are partners are the owners of real property and lease the property and receive rent.

10. The Trustee has sought to extend the time to file an objection to discharge and the Court entered an Order on August 29, 2012, extending the Trustee's time until November 6, 2012.

11. The Trustee is unable to perform his responsibilities and duties as a Chapter 7 Trustee, as he is unable to determine what assets are owned by the debtors, what leases exist for those premises, and the amount of income received by the debtors from those leases.

12. A review of the Chapter 13 petition fails to disclose ownership in the Route 4 property, or ownership in an LLC and fails to disclose the income that is received on Schedule I.

13. In order for the Trustee to properly discharge his obligations as Trustee, he needs to be able to conduct a deposition of each of the debtors, to

determine the ownership of the real property in Fort Lee, New Jersey, to obtain a copy of the Lease Agreement, to obtain a copy of the Deed to the property, and to obtain an accounting of the rents so that a determination can be made as to whether or not that is property of the estate.

14. As a result of the debtors' failure and refusal to cooperate with the Trustee, the Trustee seeks an Order to compel each of the debtors to appear for a 2004 examination, to produce documents, to restrain the debtors from collecting any future rents, and to provide an accounting to the Trustee of the rents collected since the filing of the Chapter 13.

I hereby certify that the foregoing statements made by me are true. I am aware that if they are wilfully false, I am subject to punishment.

*/s/ Barry W. Frost*

BARRY W. FROST

Dated: 9/25/12