**TEICH GROH**
691 State Highway 33
Trenton, New Jersey 08619
Phone: (609) 890-1500
Email: cknowlton@teichgroh.com
Attorneys for the Chapter 7 Trustee
Carol L. Knowlton, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | :CHAPTER 13 BANKRUPTCY |
| | :CASE NO.: 11-41413-MBK |
| Carmen Lawrence Aiello and | : |
| Madeline Marion Aiello, | :Judge: Michael B. Kaplan, U.S.B.J. |
| | : |
| Debtor(s) | :Hearing Date: September 10, 2013 |

CERTIFICATION IN SUPPORT OF MOTION TO RECONVERT
CASE TO CHAPTER 7 PROCEED AND TO DIRECT
DEBTORS TO TURNOVER RENTS

Carol L. Knowlton, Esq., of full age, hereby certifies as follows:

1. On or about October 31, 2011, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code.

2. Objections were made to the Debtors' plan and the Debtors' ultimately filed to voluntarily convert their case to one under Chapter 7 on April 23, 2012.

3. The Debtors appeared for their 341(a) meeting of creditors on June 6, 2012, wherein they admitted that Mr. Aiello owns a gas station with his brother that is worth $900,000.00 and is unencumbered, but it was not listed on the petition or schedules.

4. On June 10, 2012, the Debtors then filed amendments to schedules A, I, and J to include the gas station and to reflect that they now wish to surrender their home.

5. That same day, the Debtors filed their first motion to reconvert their case to one under Chapter 13 of the United States Bankruptcy Code.

6. The court denied the Debtors' first motion to reconvert the case on or about July 25, 2012.

7. The Trustee sent 2004 subpoenas to the Debtors demanding that the Debtors appear for depositions and to produce certain documents pertaining to the gas station.

8. On or about September 24, 2012, the Trustee received a telephone call from the Debtors' son indicating that the Debtors would not appear for depositions or produce any documents.

9. Attempts to reschedule the examinations and document production were unsuccessful.

10. Thereafter, the Trustee made a motion to compel the Debtors to appear for a 2004 examination and for Contempt against the Debtors for failure to appear. This motion was granted by the Court by order dated November 3, 2012.

11. The Court's November 3, 2012, order not only required the Debtors to appear for examination, but it also required the Debtors to deposit all rents from the gas station in their possession with the Trustee. Attach hereto as **Exhibit A** is a copy of the order of November 3, 2012.

12. On or about October 10, 2012, the Debtors filed a Motion for Reconsideration of the order denying the first Motion to Reconvert to Chapter 13 (Document #67). That motion was denied by the Court (Document #79).

13. The Trustee also commenced an adversary proceeding to object to the Debtors' discharge pursuant to 11 U.S.C. §727.

14. In response to the denial of the Motion for Reconsideration, the Debtors filed a second motion to reconvert their case on November 30, 2012.

15. At Paragraphs #10 and 12 of his certification in support of the Debtors' second Motion to Reconvert to Chapter 13, Carmen Aiello states that they intend to pay 100% to creditors. A copy of that certification is attached hereto as **Exhibit B**.

16. The Court granted the Debtors' motion on the further conditions that the Chapter 13 plan include payment of the Chapter 7 Trustee's administrative expenses and that the Debtors cause to be filed a *lis pendens* on the real property located at 2338 Route 4, Fort Lee, NJ 07024, and that said *lis pendens* remain on the property for the pendency of the bankruptcy.

17. Since the reconversion of the case, the Debtors have filed at least three (3) modified plans. Not one of the plans proposes to pay 100% to unsecured creditors, despite the fact that the Chapter 7 Trustee has objected to each plan filed, based, in part, on the plan's failure to provide for 100% distribution to creditors.

18. Though I have reminded the Debtors' attorney that a *lis pendens* must be filed as soon as possible, it has not been, to my knowledge.

19. Further, though the order of November 3, 2012, directed that the Debtors deposit with the Chapter 7 Trustee all of the rents in their possession or that come in their possession in the future, the Debtors never did so.

20. This case was re-converted to a Chapter 13 by order dated April 30, 2013. It has now been three (3) months, yet there still is not a plan in place that complies with the conditions for the reconversion, nor is there a *lis pendens* on the real estate. Upon information and belief, the Debtors continue to collect the rents from the property.

21. The most recent plan filed by the Debtors still does not comply with the conditions for reconversion to Chapter 13. The delays caused by the multiple plans filed

3

(each time a new modified plan is filed, the confirmation hearing is adjourned), are unwarranted and demonstrate the Debtors' lack of good faith.

22. For the above reasons, the Chapter 7 Trustee respectfully requests that this case be re-converted to a Chapter 7 proceeding, and that the Debtors be directed to immediately turn over to the Chapter 7 Trustee any and all rents collected from the real property.

**I CERTIFY** that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> TEICH GROH
> **Attorneys for the**
> **Chapter 7 Trustee,**
> **Barry W. Frost**

Dated: August 9, 2013          BY: *Carol L. Knowlton*
                                    Carol L. Knowlton, Esquire

4

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>TEICH GROH<br>691 State Highway 33<br>Trenton, New Jersey 08619<br>(609) 890-1500<br>Attorneys for Trustee | |
|---|---|
| In Re:<br><br>CARMEN LAWRENCE & MADELINE MARION AIELLO | Case No. 11-41413-MBK<br><br>Chapter 7<br><br>Judge: Michael B. Kaplan |

*Order Filed on 11/03/2012 by Clerk U.S. Bankruptcy Court District of New Jersey*

### ORDER DIRECTING DEBTORS TO APPEAR FOR A
### 2004 EXAMINATION AND RESTRAINING COLLECTION OF RENT

The relief set forth on the following pages, numbered two (2) through \_\_\_\_2\_\_\_\_ is hereby **ORDERED**.

**DATED: 11/03/2012**

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge


EXHIBIT A

(Page 2)
Debtor: Carmen Lawrence Aiello and Madeline Marion Aiello
Case No. 11-41413-MBK
Caption of Order: **ORDER DIRECTING DEBTORS TO APPEAR FOR A 2004 EXAMINATION AND RESTRAINING COLLECTION OF RENT**

It appearing that the Chapter 7 Trustee having served a 2004 Subpoena upon the debtors by regular mail and the debtors through their son have failed and refused to appear for the deposition and to produce any of the documents, and good and sufficient cause appearing;

IT IS hereby ORDERED as follows:

1. That the debtors shall appear for a 2004 examination at the office of the Chapter 7 Trustee, 691 State Highway 33, Trenton, New Jersey on the 1st day of NOVEMBER, 2012 at 2:00 o'clock in the afternoon for the purpose of a 2004 examination; and *

2. That the debtors be and the same are hereby held in contempt for failure to appear on the originally scheduled date for the 2004 Subpoena of September 25, 2012 and failure to produce any of the documents required to be produced in the Subpoena; and

3. That the debtors shall produce on or before November 1, 2012, the documents which are required by the Trustee to determine ownership and leasehold interest in the real property in Fort Lee, New Jersey; and

4. That the debtors be and the same are hereby restrained from receiving any of the rents from the real property in Fort Lee, New Jersey pending a further Order of this Court; and

5. That the debtors shall deposit with the Trustee all of the rents in their possession, or which come into their possession from the real property in Fort Lee, New Jersey pending a further Order of this Court.

\* OR WITHIN 30 DAYS OF SUCH DATE IF EMERGENT CONDITIONS PREVENT THE EXAMINATIONS FROM PROCEEDING ON SUCH DATE

*Approved by Judge Michael Kaplan November 03, 2012*

Lavery & Sirkis, ESQUIRES
Joan Sirkis Lavery, Esq.
683 Washington Street
Suite 102
Hackettstown, NJ 07840
(908)850-6161
Attorney for the Debtor

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| | CHAPTER 7 CASE NO. 11-41413/MBK |
| Carmen L. and Madeline M. Aiello, | CERTIFICATION IN SUPPORT OF MOTION TO CONVERT FROM A CHAPTER 7 CASE BACK TO A CHAPTER 13 |
| | CHAPTER 7 CASE |
| Debtor | |
| | HEARING DATE: |

I, Carmen Aiello, of full age, does hereby certify and say as follows:

1. I am the debtor in the above-captioned matter and as such am fully familiar with the facts and circumstances therein.

2. On or about October 31, 2011 I filed the within Chapter 13 petition in bankruptcy.

3. We were advised, and intended to cram down our second and third mortgage and pay a small percentage of our unsecured debt through a Chapter 13 plan.

4. We were later advised that we would have to give up our home in order to make payments of several thousand dollars per month on our debts in a Chapter 13 and that we should instead convert to a Chapter 7. We were to make a plan payment of approximately $800.00 per month.


EXHIBIT B

5. On or about April 23, 2012, against our consent, the papers were filed to convert us to a Chapter 7.

6. At the Chapter 7 341 (a) meeting we disclosed to the trustee, as we had previously disclosed to our attorney, that we had a 50% interest in a family corporation that owned a gas station.

7. On or about June 10, 2012, after seeing that we would now lose our gas station, our attorney filed a motion to convert us back to a Chapter 13.

8. On or about June 26, 2012, BEFORE the motion to convert back to a Chapter 13 was heard, our attorney filed a Motion to Withdraw as Counsel which was granted.

9. Opposition to the motion to convert back to a Chapter 13 was filed by the Chapter 7 trustee, Barry Frost. Our attorney never responded and never appeared at the hearing and the motion to convert, back to a Chapter 13 was denied.

10. We are filing the within motion to convert to a Chapter 13 because we believe we have a feasible plan that will allow us to remain in our house and pay creditors 100% of what is owed to them.

11. The gas station is owned jointly with my brother. We receive monthly rental income from the gas station and use this money to live off. Without this income we will lose our home as we receive only social security, pension and a very small rental income from a room we rent at our home.

12. My son's have pledged to contribute monthly in order to help us make Chapter 13 payment to the trustee. In addition, we intent to use the gas station as collateral to get a loan sufficient to pay the creditors 100% of what they are owed. My brother can get a loan in his name using the gas station as collateral if I am unable to get the loan on

my own.

13. We would like the time to get the loan to be able to pay the creditors and to retain our home.

Wherefore, it is respectfully requested that the court allow us to convert our Chapter 7 case back to a Chapter 13.

I certify that the foregoing statements made by are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ Carmen Aiello
Carmen Aiello

Dated: 11/28/2012